# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAMON WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV795 TIA |
| | ) | |
| SCOTT MCFARLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion for summary judgment. Plaintiff, a prisoner, brought suit under 42 U.S.C. § 1983 alleging that defendants used excessive force in restraining him. Defendants have moved for summary judgment on the grounds that plaintiff has failed to demonstrate that they used excessive force and that they are entitled to qualified immunity. After considering the evidence and the briefs, the Court finds that the motion should be granted in part and denied in part.

### Standard

This Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Board of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico, 457 U.S. 853, 863 (1982). The moving party

must initially demonstrate the absence of an issue for trial. Celotex Corp., 477 U.S. at 323. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. Pico, 457 U.S. at 863. Nevertheless, once a motion is properly made and supported, the non-moving party may not rest upon the allegations in his pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 257 (1986) (citing Fed. R. Civ. P. 56(e)). Summary judgment must be granted to the movant if, after adequate time for discovery, the non-moving party fails to produce any proof to establish an element essential to the party's case and upon which the party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322-24.

A plaintiff's verified complaint is the equivalent of an affidavit in opposition to a motion for summary judgment, and a complaint signed under penalty of perjury pursuant to 28 U.S.C. § 1746 is the equivalent of a verified complaint. Roberson v. Hayti Police Dept., 241 F.3d 992, 994-95 (8th Cir. 2001). "Although a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive a summary judgment motion." Id. (citing Williams v. Adams, 935 F.2d 960, 961 (8th Cir. 1991)).

**Background**

On March 9, 2007, plaintiff was incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. At that time, defendants Scott McFarland and Anthony Kirkhart were employed by the Missouri Department of Corrections ("MDOC") as correctional officers at ERDCC.

At approximately 9:00 p.m. on March 9, 2007, correctional officers conducted a strip search of plaintiff in his cell. During the search, the officers discovered that plaintiff had an envelope concealed in his crotch area. The officers ordered plaintiff to give them the envelope; plaintiff refused and put much or all of it in his mouth in an attempt to swallow it.

At approximately 9:15 p.m. defendants Kirkhart and McFarland responded to a radio call requesting assistance in plaintiff's cell. Upon arrival, defendants saw plaintiff struggling with the officers in his cell.

What happened next is disputed by the parties. Defendants say that they used reasonable force to restrain plaintiff and to get the papers out of his mouth. Defendants say that plaintiff grabbed McFarland by the leg and refused orders to let go. Defendants say that McFarland hit plaintiff twice on his torso using a technique called a "distraction blow." Defendants say that the use of force ended as soon as plaintiff was safely restrained and the contraband was secured.

Plaintiff's version of the events differs. Plaintiff alleged in his verified complaint that McFarland repeatedly punched and kicked him while he was handcuffed and after he had complied with McFarland's orders. Plaintiff further alleged that Kirkhart later came and, after confirming that there were no cameras in the area, sprayed mace into plaintiff's mouth. Plaintiff further alleged that one of the other correctional officers sprayed him with mace and hit him on the head with the mace cannister. Plaintiff submitted an affidavit by an affidavit by an inmate named Chris Underwood, which states that McFarland repeatedly punched and kicked plaintiff while he was handcuffed. The affidavit further states that Kirkhart kicked plaintiff in the face and sprayed pepper spray into his mouth. The affidavit further states that another officer sprayed plaintiff with pepper spray and hit plaintiff on the head with the cannister.

McFarland confiscated from plaintiff eleven pieces of paper, five latex gloves, one sandwich bag, one piece of cellophane, five plastic glove fingertips, and clumps of white powdered substance.

Plaintiff was then taken to the medical unit. Plaintiff refused to cooperate with the nurse or answer any of her questions. The only injuries noted by the nurse were a "raised area to left outer eyebrow," swollen lips and a loose upper tooth.

Defendants say that they then placed plaintiff in a shower to wash off the mace. In his verified complaint, plaintiff says he was not allowed to shower and that the mace burned his skin for several days.

At approximately 11:00 p.m. plaintiff was sent by ambulance to the emergency room at Parkland Health Center in Farmington, Missouri. En route, one of the emergency medical technicians removed a plastic bag and suctioned a white powdery substance from plaintiff's mouth. At the emergency room the physician diagnosed plaintiff with "cocaine overdose" and tachycardia. Plaintiff's cocaine overdose was confirmed by a toxicology screen. Plaintiff was noted to have contusions on his face and right shoulder. The physician prescribed Ibuprofen and an ice bag for plaintiff's injuries.

Officials at ERDCC later confirmed that the white powdery substance plaintiff had swallowed on March 9, 2007, was cocaine. Plaintiff was later found guilty of being in possession of a controlled substance, being under the influence of a controlled substance, and causing serious injury to another. Plaintiff was placed in disciplinary segregation for sixty days.

## Discussion

1. <u>Excessive Force Claims</u>

"The Eighth Amendment bars correctional officers from imposing unnecessary and wanton pain on inmates, regardless of whether there is evidence of any significant injury." <u>Johnson v. Blaukat</u>, 453 F.3d 1108, 1112 (8th Cir. 2006) (citing <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992)). "Officers may reasonably use force in a good-faith effort to maintain or restore discipline but may not apply force maliciously and sadistically to cause harm." <u>Id.</u> (quotation omitted). "The test for reasonableness or good faith application of force depends on 'whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury.'" <u>Id.</u> (quoting <u>Treats v. Morgan</u>, 308 F.3d 868, 872 (8th Cir.2002)).

Defendants argue that they are entitled to summary judgment because the evidence shows that they acted reasonably under the circumstances. Defendants say it was necessary to restrain plaintiff to keep him from swallowing drugs and that they used the minimal amount of force necessary. Defendants maintain that the use of force described in Underwood's affidavit "fails to meaningfully contradict the material facts

regarding the use of force" and is contradicted by the medical evidence. Defendants fail to address the facts as stated in plaintiff's verified complaint.

The Court is required to view the facts in favor of plaintiff and to resolve all doubts in plaintiff's favor. With this in mind, the Court finds that the facts alleged in plaintiff's verified complaint and in Underwood's affidavit create an issue of material fact as to whether defendants used excessive force when restraining plaintiff.

2. Failure to Protect Claims

"A prison official may be liable for failure to protect an inmate from a use of excessive force if he is deliberately indifferent to a substantial risk of serious harm to an inmate." Estate of Davis by Ostenfeld v. Delo, 115 F.3d 1388, 1395 (8th Cir. 1997).

Plaintiff claims that defendants beat him maliciously while he was handcuffed and that another correctional officer sprayed plaintiff with pepper spray and hit plaintiff on the head with the pepper spray cannister in defendants' presence. The allegations in the verified complaint and in Underwood's affidavit create an issue of material fact as to whether defendants were deliberately indifferent to a substantial risk of serious harm to plaintiff from the other correctional officer.

3. Assault Claims Under the Fourteenth Amendment

Plaintiff claims that he has a due process right to be free from assaults by defendants. Because plaintiff is a prisoner, his assault claims are properly brought under the 8th Amendment and not the Fourteenth Amendment. As a result, the Court will grant summary judgment in favor of defendants as to plaintiff's assault claims brought under the Fourteenth Amendment.

4. Violations of Prison Rules

Plaintiff alleges that defendants failed to report offender abuse as required by Mo. Rev. Stat. § 217.410. Plaintiff argues that this failure violated his rights under the Due Process Clause of the Fourteenth Amendment.[1]

"'Mere violation of a state statute does not infringe the federal Constitution.'" Williams v. Hopkins, 130 F.3d 333, 337 (8th Cir. 1997) (quoting Snowden v. Hughes, 321 U.S. 1, 11 (1944)). Only federal rights are protected under § 1983. Id. As a result, the Court will grant summary judgment in favor of defendants as to this claim.

5. Qualified Immunity

"Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a

---

[1] Defendant analyzed this issue under Missouri tort law. A careful reading of the complaint suggests that plaintiff intended this issue to be brought as a Due Process Clause claim.

reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007). To determine whether a state actor is entitled to qualified immunity, the Court must resolve two questions: first, whether the official deprived plaintiff of a constitutional right, and second, whether that right was so clearly established as the time that a reasonable official would have understood that his or her conduct was unlawful under the circumstances. Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007).

Defendants argue that they are entitled to qualified immunity because they did not violate plaintiff's constitutional rights and because "there was not clearly established rule against acting as Defendants did during this incident."

As stated above, there is a genuine issue of material fact as to whether defendants used excessive force or were deliberately indifferent to plaintiff's safety. Additionally, these rights were clearly established at the time of the incident. As a result, defendants have failed to show that they are entitled to qualified immunity at this stage of this litigation.

For these reasons, defendants' motion for summary judgment will be granted in part and denied in part. Defendants shall have summary judgment on plaintiff's claims arising under the Fourteenth Amendment. The motion will be denied as to plaintiff's claims arising under the Eighth Amendment.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [#25] is **GRANTED** in part and **DENIED** in part. The motion is granted as to plaintiff's Fourteenth Amendment claims. The motion is denied as to plaintiff's Eighth Amendment claims.

Dated this __30th__ day of September, 2009.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE
