UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAMON WILLIS,                     )
                                  )
           Plaintiff,             )
                                  )
     v.                           )     No. 4:08CV795 TIA
                                  )
SCOTT McFARLAND, et al.,          )
                                  )
           Defendants.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion in Limine (Docket No. 64), Defendants' Motion in Limine (Docket No. 88), and Defendants' Supplemental Objections to Plaintiff's Exhibit List (Docket No. 93).

Plaintiff Damon Willis, a prisoner, brought suit under 42 U.S.C. § 1983 alleging that Defendants used excessive force in restraining him.

On June 7, 2012, this Court held a pretrial conference to hear arguments of the parties motions.  "The denial of a motion in limine does not generally preserve error for appellate review." Spencer v. Young, 495 F.3d 945, 949 (8th Cir. 2007).  The Court is willing to reconsider the decisions enumerated below, and as a result, this is not a definitive ruling, and an objection must be made "to preserve a claim of error for appeal." Olson v. Ford Motor Co., 481 F.3d 619, 629 (8th Cir. 2007).

**I.     Plaintiff's Motion in Limine**

Plaintiff pled guilty to one count of possession of a concealed controlled substance at a correctional facility on August 1, 2008; was found guilty on September 11, 1998 to two counts of assault on a law enforcement officer, one count of unlawful use of a weapon, and one count of

tampering with a motor vehicle; pled guilty to possession of a concealed controlled substance at a correctional facility on November 5, 2010; pled guilty to two counts of unlawful use of a weapon on March 11, 1996; and pled guilty to three counts of burglary second degree and three counts of stealing on July 24, 2012.  Plaintiff asks that the Court exclude evidence of these convictions as this evidence is not relevant and is more prejudicial than probative.

Evidence of a conviction is inadmissible if "more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date..." Fed.R.Evid. 609.  Plaintiff has not yet been released, and thus the ten years have not begun to run.  Even though evidence of Plaintiff's convictions are not time barred, prior convictions are not admissible for impeachment purposes "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b).

Even if all of the evidence of Plaintiff's prior convictions were to be excluded, the jury's perception would not be one of Plaintiff being a model citizen inasmuch as Plaintiff will be testifying about events occurring during his incarceration.  See, e.g. Furtado v. Bishop, 604 F.2d 80 (1st Cir. 1979) (excluding evidence of plaintiff's convictions did not prejudice defendants in 42 U.S.C. § 1983 action where the "jury could hardly have forgotten that the case arouse in a prison setting.").  Likewise, the Court considers that the jury will be cognizant of Plaintiff being a convicted felon, and the admission of his prior crimes may cause only a relatively small amount of additional prejudice.

The Court finds little reason to bar the admission of Plaintiff's prior convictions for

possession of a concealed controlled substance at a correctional facility, unlawful use of a weapon, tampering with a motor vehicle, unlawful use of a weapon, burglary second degree and stealing.  The probative value of these convictions is small, but given the jury's knowledge that Plaintiff is a convicted felon, there is no prejudice that could substantially outweigh the probative value of these convictions.

Conversely, the admission of Plaintiff's prior convictions of two counts of assault on a law enforcement officer is barred.  The Court has considered the facts and circumstances of this case.  The instant suit is a civil action against two correctional officers, alleging violations of Plaintiff's constitutional rights by failing to intervene and the excessive use of force.

In a criminal trial, evidence of a past crime will be excluded where "the convictions are for the same type of offense as the pending charge because they cause unfair prejudice by suggesting that the party has a propensity to commit such acts." Daniels v. Loizzo, et al., 986 F.Supp. 245, 249 (S.D.N.Y. 1997) (citing Lewis v. Velez, 149 F.R.D. 474, 482 (S.D.N.Y. 1993)).  These "same concerns are implicated where a defendant introduces a plaintiff's assault conviction in a Section 1983 excessive force case because the jury may improperly infer that, based on the prior conviction, the plaintiff instigated the incident." Id.  The danger in this case, as in Lewis, is the nature of Plaintiff's convictions for prior assault on a law enforcement officer might unfairly bias the jury against him.  Based on the facts and circumstances of this case, the court cannot make the conclusion "that the probative value of the conviction ... substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b).  Accordingly, the Court finds that evidence of Plaintiff's prior convictions for assault on a law enforcement officer is inadmissible for cross-examination purposes.  This motion in limine is sustained in part, and overruled, in part.

Next, Plaintiff asks the Court to be permitted to wear civilian clothing and appear without restraints at trial.  As to Plaintiff's request to wear civilian clothing at trial, the Court finds no issues with the request due to the likelihood of prejudice that would result should he be required to wear his prison clothing, and no legitimate security have been raised regarding Plaintiff wearing civilian clothing during trial.  See Estelle v. Williams, 425 U.S. 501, 504-07 (1976).  Accordingly, the Court finds no security or other problems with allowing Plaintiff to wear civilian clothing as provided by the United States Probation Office.  If Plaintiff's counsel with the assistance of the United States Probation Office makes arrangements for civilian attire to be present at the courthouse, then he will be permitted to change into such attire each morning before trial.  This ruling may be revisited if any legitimate security concerns are raised by the parties or the Court Security Officers or United States Marshal Service. The Court will defer to the security recommendations of the United States Marshal Service and the Court Security Officers to the extent that they seek to use the least intrusive reasonable means necessary to ensure security. This motion in limine is sustained.

As to Plaintiff's request to appear in the courtroom without shackles or other restraints during trial, the Court will permit Plaintiff to be in the courtroom without hand restraints or shackles as long as the Court Security Officers and the United States Marshals are comfortable with that inasmuch as they are in charge of courtroom security.  While a prisoner plaintiff is normally allowed to appear without hand restraints, his legs are usually shackled for security measures.  The Court warns Plaintiff that he must not engage in any form of misbehavior or insubordination in the courtroom.  If deemed necessary for Plaintiff to wear shackles or other restraints, the Court will order Plaintiff to be positioned at counsel's table so that the restraints are

out of the view of the jurors. Further, Plaintiff will be positioned on the witness stand before the jury enters the courtroom, if applicable, outside the presence of the jury in order to prevent the jury from seeing any restraints or shackles. This standard procedure should address any concerns Plaintiff has with the jury potentially seeing his shackles or other restraints while still addressing security concerns. This motion in limine is sustained except as specified.

Plaintiff also seeks to exclude evidence of the criminal convictions or incarceration history of any potential witnesses he may call at trail as this evidence is not relevant and is more prejudicial than probative.[1] Inasmuch as the neither party has filed documentation showing the witnesses' criminal convictions or incarceration history, the Court denies without prejudice such request.

Next, Plaintiff asks the Court to permit his non-party, currently incarcerated witnesses he calls at trial to appear in court in civilian clothing and without restraints at trial. "Prejudice, however, occurs only when prison attire puts the jury on notice of something that it does not already know." Williams v. Norris, 612 F.3d 941, 958 (8th Cir. 2010). In the instant case, the witnesses will be testifying about events occurring during their incarceration. There is no way that the jury can avoid the fact that the witnesses were deprived of their liberty at the time of trial and at the time of the alleged occurrence. The jury will be aware by the nature of the action that Plaintiff and his witnesses are inmates. "[W]hen an inmate is suing prison guards, there is nothing prejudicial about allowing other prisoners to appear in prison clothing and restraints because the

---

[1] Under Federal Rule of Evidence 609 "evidence that a witness other than the accused has been convicted of a crime shall be admitted, subject to Rule 403['s rule excluding relevant evidence that is unduly prejudicial], if the crime was punishable by death or imprisonment in excess of one year." Fed.R.Evid. 609(a)(1). The ten year period in Rule 609 is calculated from the later of the date of conviction or release. Fed.R.Evid. 609(b).

jury already knows that the plaintiff and the witnesses are inmates." Allen v. Wine, 297 Fed.Appx. 524, 533 (7th Cir. 2008) (citing Holloway v. Alexander, 957 F.2d 529, 530 (8th Cir. 1992)("the district court has a responsibility to ensure reasonable efforts are made to permit the inmate and the inmate's witnesses to appear without shackles during proceedings before the jury"); see also Fountain v. United States, 211 F.3d 429, 435-36 (7th Cir. 2000)(concluding that defendant charged with murdering guard could not have been prejudiced by appearing before jury in shackles because jury already knew he was prison inmate at the time of the alleged crime).  Any indication or inference of incarceration created by the witnesses' clothing would not put before the jury facts that are not otherwise established by the evidence presented during the course of the trial.  See Holloway, 957 F.2d at 530 ("The shackles added nothing to the trial that was not already apparent from the nature of the case.").  Thus, the Court finds Plaintiff will not suffer any prejudice by having his witnesses in prison attire during his trial.  As to Plaintiff's request to have his witnesses appear in the courtroom without shackles or other restraints during trial, the Court will seek the recommendation of the United States Marshals Service to determine whether the witnesses should remain in shackles or other restraints for reasons of courtroom security.  If deemed necessary to have the witnesses wear shackles and other restraints, the Court will order that the witnesses be seated in the courtroom before the jury enters to ensure that the jury will not see the witnesses shuffle in and out because of their restraints.  Further, the witnesses will be positioned on the witness stand before the jury enters the courtroom, if applicable, outside the presence of the jury in order to prevent the jury from seeing any restraints or shackles.  This motion in limine is denied.

## II.     Defendants' Motion in Limine

Defendants' Motion in Limine contains many parts.  The Court will address each issue separately.

### 1.  References to the financial disparity between the parties.

Plaintiff does not object to this motion, and the Court finds that Plaintiff may not mention that Defendants will be indemnified by the State of Missouri.  Nonetheless, Plaintiff is not barred from stating that Defendants work for the State of Missouri and are being defended by the State of Missouri.  This motion in limine is sustained.

### 2.  Evidence of alleged violations of written or unwritten policies of the Department of Corrections or Eastern Reception, Diagnostic, and Correctional Center.

Plaintiff objects to this motion.  In the Summary Judgment Order of September 30, 2009, the Court entered judgment in favor of Defendants on Plaintiff's claims arising under the Fourteenth Amendment.  Plaintiff alleged that Defendants failed to report offender abuse as required by Mo. Rev. Stat. § 217.410, and this failure violated his rights under the Due Process Clause of the Fourteenth Amendment.  Finding only federal rights to be protected under § 1983, the Court granted summary judgment in favor of Defendants on this claim.  "'Mere violation of a state statute does not infringe the federal Constitution.'"  Williams v. Hopkins, 130 F.3d 333, 337 (8th Cir. 1997) (quoting Snowden v. Hughes, 321 U.S. 1, 11 (1944)); see also Cotton-Schrichte v. Peate, 2010 WL 5423737, at *2 (W.D. Mo. 2010) (the court found without merit Plaintiff's argument that a correctional officer's actions in clear violation of prison policy and state laws constitutes a violation of her constitutional rights).  "The fact that a state prescribes something, or determines certain actions to be illegal, does not mean that these issues acquire constitutional

dimension." Cotton-Schrichte, 2010 WL 5423737, at *2 (citing Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1983)).  Accordingly, this motion in limine is sustained.

**3. Evidence of statements made by other inmates about Defendants.**

Plaintiff objects to this motion. To the extent Plaintiff seeks to introduce evidence from Defendants' personnel files, the Court sustains to the motion.  The Court will delay ruling upon the admissibility of evidence of statements by other inmates about Defendants.  If Plaintiff seeks to admit evidence beyond March 9, 2007, Plaintiff must first give notice to the Court and Defendants outside of the presence of the jury.

**4. Evidence of other civil right suits or other complaints filed against any of the defendants or other employees of the Missouri Department of Corrections or of any settlements.**

The Court sustained this motion during the pretrial conference held on June 7, 2012.

**5. Evidence of Plaintiff's injuries and their causation.**

Plaintiff may introduce evidence demonstrating the extent of the injuries suffered and the medical services provided to Plaintiff.  This motion in limine is sustained except as specified.

**6. Evidence relating to the cost of medical services Plaintiff received or will receive for the treatment of the injuries he sustained.**

Plaintiff does not object to this motion, and the Court finds that Plaintiff may not introduce evidence relating to the cost of the medical services Plaintiff received or will receive. This motion in limine is sustained.

**7. References to claims dismissed by the Court in its Summary Judgment Order.**

Plaintiff does not object to this motion, and the Court finds that Plaintiff may not reference claims that were dismissed by the Court in the Summary Judgment Order of September 30, 2009. This motion in limine is sustained.

**8. Reference to any argument and testimony regarding the motion in limine and any evidence excluded or to any pretrial rulings.**

The parties agreed at the pretrial hearing on June 7, 2012, that the Court should sustain the motion.

**9. Evidence of Plaintiff's Convictions**

The Court addressed the use of Plaintiff's convictions when ruling on Plaintiff's Motion in Limine.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine (Docket No. 64) and Defendants' Motion in Limine (Docket No. 88) are **GRANTED** in part and **DENIED** in part.

Dated this  15th   day of June, 2012.


                                                   /s/ Terry I. Adelman
                                       UNITED STATES MAGISTRATE JUDGE